IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOY CARTER,

       Plaintiff,

  -vs-                                               No. Civ. 12-1316 LH/WPL

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, and their employees,
agents, and claim adjusters, JOHN DOES, 21st
MORTGAGE CORPORATION, PALM HARBOR
HOMES, INC., and LYNN CARTER,

       Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's [sic], Joy Carter's Motion to Remand ("Motion to Remand") (Docket No. 12) and Defendant Allstate Insurance Company's Motion to Realign Parties (Docket No. 17).[1] The Court, having reviewed the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Defendant's Motion is well taken and will be **granted** and Plaintiff's Motion is not well taken and will be **denied**.

Plaintiff Joy Carter ("Ms. Carter") filed her Second Amended Complaint for Declaratory Judgment ("Complaint") in the Sixth Judicial District Court of the State of New Mexico on July 3, 2012. *See* Notice Removal (Docket No. 1), filed Dec. 21, 2012, Ex. A 1-5. As set forth in the Complaint, Plaintiff "was a resident of Grant County, State of New Mexico at all times material."

---

[1] Although neither Ms. Carter nor Allstate has filed a Notice of Completion for their Motions, as required by the Local Rules, the Court will proceed and rule on both Motions. *See* D.N.M.LR-Civ. 7.4(e).

Compl. ¶ 1. Defendants Allstate Insurance Company ("Allstate") and the John Does "were employees, agents, and insurance adjusters, individuals and residents of New Mexico and . . . authorized to do business in New Mexico at all times material." *Id.* ¶ 2. Defendant Lynn Carter ("Mr. Carter") "was a resident of Grant County, State of New Mexico at all times material." *Id.* ¶ 4. Defendant Palm Harbor Home, Inc. ("Palm Harbor"), "is doing business in New Mexico." *Id.* ¶ 6.

Plaintiff alleges that Allstate sold her "a $576,865.00 replacement cost homeowner insurance policy, which . . . covered [her] home, with additional coverages for other structures, personal property, additional living expenses, and other damages." *Id.* ¶ 2. The policies were in effect on October 25, 2009, when a fire destroyed Plaintiff's "home, other structures, personal property, and caused other damages and forced her to obtain temporary housing." *Id.* ¶ 5. Defendant 21st Mortgage Corporation ("21st Mortgage") issued Ms. Carter a mortgage after the fire to finance a trailer for her temporary housing in Gila, New Mexico, *id.* ¶ 3, and Defendant Palm Harbor apparently sold the trailer to Ms. Carter, *id.* ¶ 6. Defendant Lynn Carter "lost personal property and sustained other damages from the . . . fire." *Id.* ¶ 4.

Plaintiff brings six causes of action in her Complaint. In Count I, she asserts that "[u]nder the New Mexico Declaratory Judgment Act . . . there exists an actual controversy regarding the rights and obligations of the Plaintiff and Defendant's [sic] under the . . . insurance contract, mortgage contract, sales contract and other documents, which the Court may declare said rights and obligations of the parties." *Id.* ¶¶ 7-8. Count II alleges a breach of contract claim against Allstate, for its "failure to perform as required under the insurance policies, contracts and other documents," *id.* ¶ 11, causing Plaintiff damages, including "monetary hardship . . . and extra-contractual damages," *id.* ¶ 12. Plaintiff additionally contends in Count II that "[t]he contract is ambiguous, there is an impossibility of performance, estoppel and waiver applies [sic] and the Court may reform

the contract." *Id.* She further avers that Allstate's "conduct was in bad faith and constituted an unreasonable failure to pay the claims." *Id.* ¶ 13. In Counts III and IV, Plaintiff asserts that Allstate violated the New Mexico Insurance Code, N.M. STAT. ANN. § 59A-16-1 et seq, and the New Mexico Unfair Practices Act, N.M. STAT. ANN. § 57-12-1 et seq, respectively. *Id.* ¶¶ 15, 17. Plaintiff alleges in Count V that Palm Harbor breached its contract for the sale and set-up of the trailer home, as she was "forced to set-up trailer utilities," causing damages of approximately $3,000. *Id.* ¶ 19. Finally, in Count VI, Plaintiff brings a breach of contract claim against 21st Mortgage for filing a foreclosure suit against her. *Id.* ¶¶ 20-22. Plaintiff maintains that 21st Mortgage entered into a mortgage contract with her for the purchase and financing of the trailer, "agreed to work with Plaintiff . . . on her payments," *id.* ¶ 21, and because she "has been making mortgage payments, . . . there was no basis for Defendant . . . filing a foreclosure suit," *id.* ¶ 22.

Plaintiff served the Complaint on Defendant Allstate on or about November 26, 2012. Notice Removal ¶ 4. On December 21, 2012, Allstate removed the action to this Court, alleging original diversity jurisdiction pursuant to 28 U.S.C. § 1332 and attaching copies of the Summons, the Complaint, and copies of the two earlier complaints, which comprised all of the documents served upon it and of which it was aware. *Id.* ¶¶ 3, 4, Ex. A. As Allstate was not aware of any other defendant's answer or responsive pleading, it did not obtain their consent to removal. *Id.* ¶ 5; *see* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Allstate avers that at the time the Complaint was filed Ms. Carter was a citizen of New Mexico and its citizenship was the State of Illinois, based on both its incorporation and principle place of business being in Illinois. *Id.* ¶¶ 9, 10. It also states that while it was able to determine that Defendants 21st Mortgage and Palm Homes are not residents of New Mexico, it was unable to

determine their state of incorporation. *Id.* ¶ 11. Allstate further acknowledges that Defendant Lynn Carter was alleged to be a resident of New Mexico, but contends that the Complaint does not contain any allegations against him, merely alleging that he sustained damages as a result of the fire. *Id.* ¶ 12. Finally, Allstate states that it meets the jurisdictional amount in controversy of damages greater than $75,000 because the replacement cost homeowner insurance policy at issue was for $576,865.00 and Plaintiff claims compensatory and punitive damages, in addition to attorney's fees. *Id.* ¶¶ 14-19.

On February 5, 2013, Plaintiff moved to remand this matter to state court, stating two grounds supporting remand. She first argues that Allstate's allegation of complete diversity is false, as Plaintiff and Defendant Lynn Carter both are citizens of New Mexico. Plaintiff also maintains that the New Mexico Declaratory Judgment Act and *Gallegos v. Nevada General Insurance Co.*, 149 N.M. 364, 248 P.3d 912 (N.M. Ct. App. 2010), require that Mr. Carter be named in the lawsuit. Additionally, Ms. Carter submits the following material facts:

1. August 29, 2009 through August 29, 2010, Joy Carter's home was insured for $576,865.00 and personal property for $432,649.00 by Allstate.

2. In Gila, New Mexico, a fire completely destroyed Joy Carter's home and all the personal property.

3. November 9, 2012 - Lynn Carter filed an Answer and Cross-Claim in State Court against Defendant, Allstate.

4. November 20, 2012 - Palm Harbor Homes, Inc., c/o CT Corporation System was served and has failed to Answer.

5. Plaintiff, Joy Carter, and Defendant, 21st Mortgage, have resolved their disputes and they are no long [sic] a party.

6. Defendant, Lynn Carter, is identified in paragraph 4 and 8 as having rights under the Allstate Policy for his personal property and he has filed a Cross-Claim against Allstate.

Mot. Remand 2 (citations omitted).

In her Memorandum Brief in support of remand (Docket No. 13), Plaintiff first argues that removal is improper because under federal and state law her declaratory action was properly filed in New Mexico state court, citing *Foundation Reserve Insurance Co. v. Mullenix*, 97 N.M. 618, 642 P.2d 604 (1982). She further contends that the New Mexico Declaratory Judgment Act and New Mexico case law require that Mr. Carter be joined as a necessary party to her suit because he is owed insurance coverage and payments by Allstate for his property that was destroyed in the fire. Accordingly, she concludes that because she and Mr. Carter are citizens of New Mexico, the requirement of complete diversity cannot be met. Citing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), Plaintiff also appears to argue that the Court should exercise its discretion in the "declaratory judgment context" and defer to the state court proceeding, where presumably the claims of all parties in interest, including Mr. Carter's, can be adjudicated.

Allstate responds that Plaintiff named Lynn Carter as a defendant solely for the purpose of destroying diversity. Assuming that Mr. Carter may be a proper party,[2] Allstate argues that his identification as a defendant is a sham, is fraudulent joinder, and that because Ms. Carter has not set forth any cause of action against him and his interest is the same as hers, he should be realigned as a plaintiff. Such realignment would maintain diversity and the removal of this action would be proper. To this effect, Allstate filed its Motion to Realign the Parties (Docket No. 17), on February 12, 2013.

---

[2] Mr. Carter apparently is Ms. Carter's son and, according to Allstate, is not an insured. While noting that it is questionable whether he even can make a claim, for purposes of this Motion Allstate "concedes he may have had some tools damaged in the fire and could make a claim under the policy." Resp. Mot. Remand 2 n.1.

Allstate also asserts that Plaintiff's reliance on *Mullinex* and *Gallegos* is misplaced.  Allstate argues that the fundamental holding in *Mullinex* is that issues of coverage and damages should be tried in the same forum, rather than in two separate state venues, circumstances which are not present here.  Regarding *Gallegos*, Allstate agrees that the case requires that interested parties be joined in a declaratory judgment action and does not contest the propriety of Lynn Carter being such a "party."  What Allstate does oppose, however, is Mr. Carter's denomination as a defendant and it seeks therefore to have him properly realigned as a plaintiff, in accordance with his position in this coverage suit.

Citing *Skylab v. Hartford Mutual Insurance Co.*, 271 F. Supp. 2d 112 (D.D.C. 2003), Allstate further maintains that it was not required to obtain Mr. Carter's consent to removal because he is a nominal party.  Allstate also quotes *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), for the proposition that a removing party need not obtain the consent of a co-defendant it contends is improperly joined, as such a requirement would be "nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."

Plaintiff replies that Allstate misunderstands the nature of a declaratory judgment action---while it is not a traditional cause of action, it will benefit Mr. Carter as a claimant under the policy if the Court declares coverage.  Thus Ms. Carter maintains that Lynn Carter is a required and necessary party to this action and was not fraudulently joined.  Finally, while acknowledging that Allstate attempts to avoid remand by arguing realignment, Plaintiff again states that she was required to "name" Lynn Carter, as a person who has an interest in this action.

Mr. Carter also responds to Plaintiff's Motion to Remand.  He states that he did not agree to the removal from state court, agrees with the Motion to Remand, and that the case was properly

filed in the Sixth Judicial District Court, where he lives. Lynn Carter's Resp. Pl.'s Mot. Remand (Docket No. 19), filed Feb. 19, 2013.

Finally, Allstate moves separately for realignment. In its accompanying Memorandum Brief (Docket No. 18), Allstate notes that Plaintiff does not set forth a cause of action against Mr. Carter in her Complaint. Allstate maintains that assuming Mr. Carter is an insured under the policy, he would have no claim against Ms. Carter, nor she against him; rather, their interests are the same and they are adverse to Allstate. Thus, Allstate contends that Mr. Carter was fraudulently named as a defendant and because no cause of action could exist against him, naming him as a defendant is a patent sham in an attempt to defeat diversity. Allstate further argues that if the Court were to find that Mr. Carter was not fraudulently joined, the appropriate remedial action is to realign the parties, naming him as a plaintiff.

Pursuant to 28 U.S.C. § 1441(a), a defendant in a state court action may remove the case to federal court when the federal court would have had jurisdiction if the case had been filed there originally. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the burden rests with the removing party to establish that subject matter jurisdiction exists, *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). For purposes of diversity jurisdiction, both the requisite amount in controversy and the existence of diversity must be affirmatively established by at least a preponderance of the evidence on the face of either the complaint or the removal notice. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 & n.2 (10th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (party asserting jurisdiction must prove

jurisdictional prerequisites by a preponderance of evidence)); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Diversity jurisdiction requires complete diversity; no plaintiff may be a citizen of the same state as any defendant. *Gadlin v. Sybron Int'l. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 388 (1998) ("[a] case falls within the federal district court's 'original' diversity 'jurisdiction' . . . only if there is no plaintiff and no defendant who are citizens of the same State.")).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A), and failure of any defendant who is properly joined and served to do so, "renders the petition defective," *In re Beasley Ins. Co.*, No. 09-0005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (quoting *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871 (5th Cir.1991)). There is, however, an exception to this general rule: "'Nominal' or 'formal' parties need not join in the removal petition." *Id.* (quoting *Farias*, 925 F.2d at 871).

In addressing other questions of removability courts similarly "look only to the residence of 'real and substantial parties to the controversy' and 'must disregard nominal or formal parties,'" focusing "on the parties that have an actual interest in the substantive controversy." *Chesapeake Exploration LLC v. BP Am. Prod. Co.,* No. 10–CV–519–HE, 2010 WL 2891668, at *2-3 (W.D. Okla. July 21, 2010) (quoting *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460–61 (1980)). Thus, although the statement of a cause of action against a resident defendant will normally be sufficient to prevent removal, as whether a case is removable generally is determined by the original pleadings, upon specific allegations of fraudulent joinder the Court may pierce the pleadings and consider the entire record, determining the basis of joinder by any means available. *See Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "The joinder of a resident defendant against

whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." *Id.* (internal citation omitted).

A defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. *See Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). The burden of proof on the defendant claiming fraudulent joinder, is significant. *Id.* at 1147. In *Montano v. Allstate Indemnity Co.*, the Tenth Circuit described the defendant's burden to prove fraudulent joinder:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the nonremoving party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

No. 99-2225, 2000 WL 525592, at *1-2 (10th Cir. Apr. 14, 2000) (alteration in original) (emphasis added) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)). Indeed, the fraudulent joinder standard is "more exacting" than the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at *2 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992)). Under the fraudulent joinder analysis, a viable claim is stated against a resident defendant so long as there is some factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir. 1983).

Courts in diversity actions also have a duty to scrutinize the interests of the parties to determine if their positions in the litigation conform to their real interests. *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978). The parties' characterization in the

pleadings of their interests is not definitive. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Realignment is proper if the Court determines that no actual, substantial controversy exists between the relevant parties. *Price v. Wolford*, 608 F.3d 698 (10th Cir. 2010) (rejecting the primary purpose test for realignment in favor of the substantial conflict test). Realignment can be used by courts to either destroy or preserve diversity jurisdiction. *See Standard Oil Co. v. Perkins*, 347 F.2d 379 (1965) (realigning the parties based on their interests and preserving diversity jurisdiction).

The New Mexico Declaratory Judgment Act ("the Act") gives courts the "power to declare rights, status and other legal relations whether or not further relief is or could be claimed." N.M. STAT. ANN. § 44-6-2. Pursuant to the Act, "when declaratory relief is sought, *all persons shall be made parties who have or claim any interest which would be affected by the declaration*, and no declaration shall prejudice the rights of persons not parties to the proceedings." *Id.* § 44-6-12 (emphasis added); *see also Gallegos*, 149 N.M. at 366, 248 P.3d at 914 ("This means that 'any person or entity with an existing or potential interest in the outcome of the action' must be named; failure to do so deprives the court of subject matter jurisdiction." (quoting 22A Am. Jur. 2d *Declaratory Judgments* § 208 (2003))). Thus, as "existing claimants must be joined in an insurer's declaratory action to deny coverage," *id.*, it follows that all claimants also must be joined in an insured's declaratory action to establish coverage. *See also Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir.1974) (noting that the Tenth Circuit has "supported the view that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties.") (citing *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653 (10th Cir. 1946)).

Diversity of citizenship clearly is lacking on the face of the Complaint, as Plaintiff and Mr. Carter, named as a defendant, both are citizens of New Mexico. Additionally, given Allstate's concession for purposes of the Motion to Remand that Mr. Carter could make a claim under the insurance policy, the Court agrees with Plaintiff that he should be a party under the New Mexico Declaratory Judgment Act. That Mr. Carter must be a party to this action, however, does not mean that he must be a defendant, and neither *Gallegos* nor any other case cited by Plaintiff, or found by the Court, so requires.

It is beyond dispute that the real interests of Ms. Carter and Mr. Carter are not adverse; there is no actual and substantial conflict or collision of interests between them. Rather, their interests coincide as claimants under the policy and are adverse to those of Defendant Allstate. Thus, the Court will grant Allstate's Motion to Realign Parties and identify Mr. Carter as a proper plaintiff in this matter. By so doing, diversity of citizenship exists, and Ms. Carter's Motion to Remand must be denied.

Despite Ms. Carter's and Mr. Carter's argument that their case was properly brought in New Mexico state court, so too was it properly removed to this Court. *See, e.g., Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006) (district court did not err in exercising jurisdiction over case because 28 U.S.C. §§ 1441(a) and 1332 together permitted defendants to remove to federal court). Furthermore, unlike *Wilton*, there currently is no parallel state court proceeding to which this Court might consider deferring. And finally, *Mullenix* does not require otherwise, as all of Plaintiffs' claims also may be determined in this Court.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant Allstate Insurance Company's Motion to Realign Parties (Docket No. 17), filed February 12, 2012, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's, [sic] Joy Carter's Motion to Remand (Docket No. 12), filed February 5, 2013, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**